IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2001-FL

| | | |
|---|---|---|
| ALONZO GREENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CYNTHIA THORTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion for summary judgment (DE 10) pursuant to Federal Rule of Civil Procedure 56 of respondent Cynthia Thorton ("respondent"). Also before the court is petitioner's motion to appoint counsel (DE 13). Petitioner responded to respondent's motion, and respondent did not respond to petitioner's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

### STATEMENT OF CASE

On July 28, 2014, petitioner filed this action pursuant to 28 U.S.C. § 2254, challenging a November 8, 2013, prison disciplinary conviction he received for a (C-09) offense for allegedly bartering and trading his spot in the canteen line, and a (B-19) offense of misusing medication by possessing two loose Tylenol pills not in a prescription bottle. (Pet. Ex. A.) As punishment, petitioner received a total of sixty (60) days segregation (suspended for three months), sixty (60) hours extra duty, sixty (60) days suspended privileges (suspended for three months), and four

months limited account withdrawals. (Id.) On November 27, 2013, petitioner's disciplinary convictions were affirmed on appeal. (Resp't's Mem. Attach. p. 24.)

Respondent subsequently filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed. On September 5, 2014, petitioner filed a motion to appoint counsel.

## STATEMENT OF FACTS

The facts found at petitioner's prison disciplinary hearing are as follows:

> 30 day extension requested and granted due to [disciplinary hearing officer] schedule. Inmate advised of his rights and a summary was read. The inmate pled not guilty to the charges with a summary of the case as follows; Sgt. Davis states that on 10/15/13 at approx. 1000 hrs he observed inmate Green selling spots in the L-Dorm canteen line. He states that he observed inmate Ross walk up and take inmate Greene's spot in the line. He indicated that when inmate Ross completed his transaction he handed inmate Greene some canteen items. He states that he had inmate Greene escorted to his location and he searched the inmate. He discovered the inmate in possession of two loose pills that were identified as Tylenol. The inmate also had two Lance Honey and peanut butter crackers and a Honey bun in his possession. He states that he asked the inmate for his receipt and the inmate indicated the he had thrown it away. The inmate stated that he was prescribed the medication. The inmate made a written statement and requested for statements from inmates Ross and Stroud. He requested the same to appear as live witnesses and for physical evidence to be reviewed. The inmate requested for staff assistance however waived that right indicating to me it was not needed. The inmate stated that this write-up is retaliation as Sgt. Davis has called him a grievance writer. He states that he was not selling spots and that the Tylenol was prescribed to him. The inmate stated the same during the hearing adding that he did have the canteen items in his possession when searched but indicated that they were his and he had them in his possession when he left the dorm. Inmate Ross made "no statement." Inmate Stroud indicated that he had left the area but while he was there didn't see anything done wrong. He indicated that he later found out Greene was locked up. Inmate Ross indicated he had "no statement" and inmate Ross indicated he was not a witness to misconduct. Therefore based on

2

> relevance they were not called as live witnesses. This DHO did review the evidence in the inmate's presence as requested. Based on the reporting party's statement and the evidence provided I am finding the inmate guilty with presumptive punishment reduced after considering his overall history, imposed to deter this type of behavior in the future. Contraband to be handled according to policy. Appeal rights explained and a form was provided.

(Pet. Ex. A 2.)

## DISCUSSION

A.   Motion to Appoint Counsel

Petitioner requests that the court appoint counsel to assist him with litigating this action. There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

B.   Motion for Summary Judgment

   1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

3

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

        a.    Due Process Clause

The Due Process Clause of the Fourteenth Amendment to the United States Constitution mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id.

Here, on November 8, 2013, petitioner was convicted of disciplinary offenses for bartering and trading his spot in the canteen line, a (C-09) offense, and misusing medication, a (B-19) offense. Petitioner was sanctioned with sixty (60) days segregation (suspended for three months), sixty (60) hours extra duty, sixty (60) days suspended privileges (suspended for three months), and four months limited account withdrawals. Because petitioner did not lose any good-time credit, he fails to state a due process claim.

        b.    Equal Protection Clause

Petitioner argues that prison officials violated his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because they pursued the instant disciplinary charges against him, a Kushite African American inmate, but not Eric Ross, a

4

Caucasian inmate. Petitioner asserts that such decision was made based upon petitioner's race and religion.

"To succeed on an equal protection claim, [petitioner] 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). A petitioner additionally must set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003). Mere conclusory allegations of discrimination are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 680-681 (2009).

Here, petitioner has failed to allege any facts or to provide any evidence to suggest that the decision to pursue disciplinary charges against petitioner, but not inmate Ross, was based on purposeful discrimination. Rather, petitioner merely makes conclusory allegations that prison officials discriminated against him based upon his race and religion, which is not sufficient to state a constitutional claim. See Middleton v. Zych, No. 7:12-cv-00266, 2012 WL 4742777, at *2 (W.D. Va. Oct. 4, 2012) (finding no equal protection claim where plaintiff "made no showing that he was similarly situated and alleged no fact supporting the conclusion that the outcome of his [disciplinary] hearing differed from the hearing of the other inmate because of intentional discrimination."), aff'd, 514 F. App'x 401 (4th Cir. 2013); Cunningham v. Drew, No. 9:12–CV–2596–RMG, 2013 WL 6834599, at *6 (D.S.C. Dec. 23, 2013) ("[W]hen equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner."), aff'd, 570 F. App'x

5

323 (4th Cir. 2013). Thus, the court GRANTS respondent's motion for summary judgment as to this claim.

      c.      Retaliation

Petitioner alleges that prison officials violated his rights pursuant to the First Amendment to the United States Constitution because they pursued disciplinary charges against him in retaliation for his filing administrative grievances. However, inmates generally do not have a constitutional right of access to a grievance process. Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)). Further, petitioner failed to assert facts to show that the alleged retaliatory actions taken by prison officials violated a constitutional right. Thus, the court GRANTS respondent's motion for summary judgment as to this claim.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to appoint counsel (DE 13) is DENIED. Respondent's motion for summary judgment (DE 10) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25th day of November, 2014.

LOUISE W. FLANAGAN
United States District Judge